UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20175-CR-Middlebrooks/Garber

UNITED STATES OF AMERICA,

v.

JOSE GOMEZ RAMOS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

    THIS CAUSE was before the Court by Order of Reference from United States District Judge Donald M. Middlebrooks and the consent of the parties for the acceptance by a United States Magistrate Judge of a guilty plea by the defendant in this cause. Pursuant to such reference, the Court has conducted a change of plea hearing on April 6, 2011, which was attended by the defendant Jose Gomez Ramos, his attorney, Assistant Federal Public Defender Michael Spivack, and Assistant United States Attorney Seth Schlessinger. The Court hereby advises as follows:

    1. At the commencement of the change of plea proceedings, the Court advised the defendant that he had a right to have these proceedings conducted by the United States District Judge assigned to this case. The defendant was advised that a Magistrate Judge was conducting these proceedings by Order of Reference from the District Judge, based upon the consent of the defendant, his attorney, and the Assistant United States Attorney to whom this cause is assigned, as evidenced by the filing of a Waiver executed by the defendant, his counsel, and government counsel. The Court advised the defendant that the sentence would be imposed by the District Judge, who would make

all findings and rulings regarding such sentence and would conduct a sentencing hearing at a time scheduled by the District Judge.

2. The defendant was advised that he did not have to permit the undersigned United States Magistrate Judge to conduct the change of plea hearing and could request that it be conducted only by a United States District Judge. All parties and counsel agreed and consented to these proceedings being conducted by the undersigned.

3. The Court then conducted a plea colloquy with the defendant consistent with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

4. The Court advised the defendant of the maximum sentence possibilities as to the charge set forth in the Indictment to which he was tendering a guilty plea. The Court also advised the defendant of the mandatory special assessment of $100.00 which must be paid at the time of sentencing.

5. The defendant acknowledged that he was satisfied with the services of his attorney and that he had full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

6. The defendant pled guilty to the Indictment, charging that "On or about February 21, 2011, in Miami-Dade County, in the Southern District of Florida, the defendant Jose Gomez-Ramos, an alien, having previously been removed and deported from the United States on or about September 9, 2008, was found to be in the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary for Homeland Security (Title 6, United States Code, Sections 202(3), 202(4) and 557), having expressly consented to such alien's

reapplying for admission to the United States, in violation of Title 8, United States Code, Section 1326(a)."

7. The defendant was advised that the charge set forth in the Indictment to which he was pleading guilty, carried a maximum of two (2) years imprisonment with a fine of up to $250,000.00, as well as a term of supervised release for up to three (3) years following completion of the term of imprisonment. The defendant acknowledged that he understood the maximum sentence, fine, and supervised release that could be imposed pursuant to the applicable statutes.

8. The government filed a factual basis, made part of the record and executed by the defendant, his counsel, and the government, for the guilty pleas which consisted of all of the essential elements of the offenses to which the defendant is pleading guilty.

9. The defendant was remanded to the custody of the United States Marshal for confinement until imposition of sentence

10. The defendant was referred to the United States Probation Office for the preparation of a Pre-sentence Report. **Sentencing has been scheduled for Tuesday, June 21st, 2011, at 11:00 A.M. before U.S. District Judge Donald M. Middlebrooks, in his Courtroom on the Eleventh Floor, James Lawrence King Federal Justice Building.**

Accordingly, and based upon the foregoing and the plea colloquy conducted in this cause, the undersigned hereby

RECOMMENDS that the defendant be found to have freely and voluntarily entered his guilty plea as to the charge set forth in the Indictment, that his guilty plea be accepted, that he be adjudicated guilty of such offense, and that a sentencing hearing be conducted for a final disposition of this cause on the date set forth above.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. See 28 U.S.C. §636. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 6th day of April, 2011.

*Barry L. Garber*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE